887 F.2d 1082
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darby OSEMME, Defendant-Appellant.
 No. 89-5568.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 11, 1989.
Decided: Sept. 25, 1989.
 
 Christopher Paul Schewe, on brief, for appellant.
 Henry E. Hudson, United States Attorney, William Neil Hammerstrom, Jr., Assistant United States Attorney, on brief, for appellee.
 Before WIDENER, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Darby Osemme appeals the district court's denial of a motion to suppress 185 grams of heroin found on his person by government agents at the Washington National Airport. We affirm the factual findings by the district court.
 
 
 2
 On August 14, 1988, DEA agents Patrick Dunn and Peter Becerra were monitoring an Eastern Airline shuttle flight arriving at Washington National Airport from New York City when they observed appellant exit the plane in a nervous, apprehensive manner, casually dressed and carrying no luggage. He did not pick up any baggage and after being followed a short distance by the agents he stopped and made a telephone call. About 30 seconds later he hung up the telephone, walked toward the two agents, made eye contact with them, and returned and placed another telephone call. This call lasted approximately one minute. He then proceeded to the exit where he was approached by the agents who identified themselves and asked if he would answer a few questions. Appellant consented and admitted that he had just deplaned, that he did not have a ticket with him, and he had no identification. He subsequently consented to a search of his person. During a quick search, the officer encountered a large, irregular shaped object in the groin area and informed appellant that he was under arrest. He was read his rights and taken to the airport police station where a more thorough search revealed that the object in the groin area was 185 grams of heroin.
 
 
 3
 At the suppression hearing the district court found that the interaction between appellant and the DEA agent was a consensual encounter and not a seizure. The court also found that the search of the appellant by the agent was with the appellant's voluntary consent. These are factual questions that we review under the clearly erroneous standard. United States v. Gooding, 695 F.2d 78, 82 (4th Cir.1982). The district court's determination that there was no seizure and that the search was with the appellant's consent is amply supported by the evidence.
 
 
 4
 As the dispositive issues have been recently authoritatively decided, and the facts and legal arguments are adequately presented in the briefs and the record, our decisional process would not be significantly aided by oral argument. Therefore, we dispense with oral argument and affirm.
 
 
 5
 AFFIRMED.